UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

GUADALUPE P. RIVERA                        CIVIL ACTION NO. 15-cv-0031

VERSUS                                     JUDGE HICKS

RONALD W. WAGNER, ET AL                    MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Guadalupe Rivera, a citizen of Texas, filed this action in state court against three defendants. The defendants removed the case based on an assertion of diversity jurisdiction. It appears the removing defendants have properly alleged the citizenship of all parties except National Interstate Insurance Company, which the notice of removal describes as "a foreign corporation organized under the laws of the State of Ohio."

A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint or notice of removal must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001).

Defendants are directed to file an amended notice of removal by **January 23, 2015** that sets forth with specificity the state in which National Interstate Insurance Company has its principal place of business as defined by <u>Hertz Corp. v. Friend</u>, 130 S.Ct. 1181 (2010). Based on the assumption that the amended notice of removal will indicate that diversity is present, a scheduling order will be set by separate order.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 9th day of January, 2015.

Mark L. Hornsby
U.S. Magistrate Judge